UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALESH BERI,

Plaintiff,

v.

BETMGM, LLC, and MGM GRAND DETROIT, LLC,

Defendants.
_______________________________/

Case No. 2:25-cv-13647

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING MOTION TO DISMISS [12]**

Plaintiff Shalesh Beri sued BetMGM and MGM Grand Detroit for numerous state law violations. He alleged that Defendants sent him illegal solicitations to gamble even though he placed himself on the Michigan Disassociated Persons List and the Responsible Gaming Database. Defendants moved to dismiss the case, ECF No. 12, and Beri opposed the motion, ECF No. 13. For the following reasons, the Court will grant Defendants' motion and dismiss the case.

**BACKGROUND**

On December 4, 2024, Beri applied to be placed on the Michigan Disassociated Persons List and the Responsible Gaming Database. ECF No. 1, PageID.1. The Disassociated Persons List is a gambling self-exclusion list for Detroit Casinos, and the Responsible Gaming Database allows a person to voluntarily exclude themselves from all Michigan regulated online gambling. ECF No. 12, PageID.214–215. Under the Michigan Gaming Control and Revenue Act, the Gaming Control Board must

create a "list of disassociated persons" who are prohibited from entering a casino in the state. Mich. Comp. Laws § 432.225. Individuals may voluntarily add themselves to the list. *Id.* § 432.225(4). Further, casino licensees may not market, advertise, or solicit to individuals on the Disassociated Persons List. *Id.* § 432.225(9). And under Michigan's Lawful Internet Gaming Act, an individual may voluntarily enroll in the Responsible Gaming Database that identifies individuals who are prohibited from internet gambling. *Id.* § 432.312(5).

Despite the statutory protections, Beri alleged that Defendants repeatedly sent gambling solicitations to him from January 2025 through September 2025. ECF No. 1, PageID.1. Beri contacted the Michigan Gaming Control Board "multiple times," to address the matter and the Board then allegedly contacted BetMGM. *Id.* at PageID.3. Despite the efforts, Beri continued to receive promotional emails. *Id.* And Beri noted that in September 2025, Defendants "abruptly paused" the solicitations. *Id.*

Beri sued Defendants for five state law counts: negligence, "negligent failure to follow responsible gaming requirements," invasion of privacy, fraud, and gross negligence. *Id.* at PageID.3–5. Each count related to Defendants' alleged failure to follow state law gambling requirements when they sent Beri gambling solicitations. *See id.* Beri's complaint invoked both diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *Id.* at PageID.2. He requested compensatory, punitive and statutory damages. *Id.* at PageID.5.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a case for "lack of subject-matter jurisdiction." A motion to dismiss under Rule 12(b)(1) "must be considered prior to other challenges since proper jurisdiction is a prerequisite to determining the validity of a claim." *Bowles v. Sabree*, No. 20-12838, 2022 WL 141666, at *3 (E.D. Mich. Jan. 14, 2022). Plaintiff has the burden of proving that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). And if the Court lacks subject matter jurisdiction, it must dismiss the case without prejudice. *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 764–65 (6th Cir. 2019); *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

## DISCUSSION

The Court is without subject matter jurisdiction and therefore must dismiss the case without prejudice.

28 U.S.C. § 1332(a)(1) confers subject matter jurisdiction on federal district courts in civil actions between citizens of different states when the amount in controversy is greater than $75,000. In cases with multiple plaintiffs and defendants, the "complete diversity" rule requires that each plaintiff is a citizen of a different state from each defendant. *Evanston Ins. Co. v. Hous. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017). The Court determines an LLC's citizenship for purposes of diversity based on the citizenship of its members and sub-members. *Akno 1010 Mkt. St. Saint Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022).

Defendants moved to dismiss the case, in part, due to a lack of complete diversity of citizenship sufficient for jurisdiction under § 1332. ECF No. 12, PageID.216–217. Plaintiff noted that he is a resident of Michigan. ECF No. 1, PageID.2. Beri's complaint stated that MGM Grand is a Michigan limited liability company and that BetMGM is a Delaware limited liability company but did not set out the citizenship of their members and sub-members. ECF No. 1, PageID.2. Defendants, in their brief, through a declaration, noted that Defendant MGM Grand Detroit, LLC, is a Delaware limited liability company, but the sub-members of MGM Grand Detroit are citizens of Michigan.[1] ECF No. 12, PageID.212; ECF No. 12-2, PageID.225. The declaration noted that Partners Detroit, LLC, is a member of MGM Grand Detroit, LLC, and "all but one" of the members of Partners Detroit, LLC, are residents of Michigan. ECF No. 12-2, PageID.225. Thus, because the sub-members are Michigan residents, and Beri is a Michigan resident, Defendants argued that there is a lack of complete diversity, and the case must be dismissed for a lack of subject matter jurisdiction.

Beri's argument in opposition did nothing to dispute the lack of complete diversity. Instead, he reversed course and argued that he "[did] not invoke diversity jurisdiction" and that subject matter jurisdiction existed pursuant to 28 U.S.C.

[1] The Court may rely on outside evidence such as an affidavit to determine citizenship in the context of a 12(b)(1) motion. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 918 (6th Cir. 1986); *Hatcher v. United States*, 512 F. App'x 527, 528 (6th Cir. 2013). It must however consider the evidence "in a manner that is fair to the non-moving party." *Hatcher*, 512 F. App'x at 528. The Court will consider the affidavit provided by Defendants. Beri had a chance to challenge the affidavit in his response, but he did not. Instead, he argued that he did not invoke diversity jurisdiction.

§ 1331. ECF No. 13, PageID.312. But as noted above, the complaint clearly stated that jurisdiction was premised on "28 U.S.C. § 1332 (diversity)." ECF No. 1, PageID.2.

Beri's argument is legally incorrect and false. He did not assert federal question jurisdiction pursuant to 28 U.S.C. § 1331 in his complaint. Even if he did, that would not save his complaint from dismissal. Plaintiff brought all state law claims and no federal question appeared on the face of his well-pleaded complaint sufficient to confer jurisdiction under 28 U.S.C. § 1331. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Beri made two more false statements in his response brief. First, he argued that federal subject matter jurisdiction exists because he requested "declaratory relief." ECF No. 13, PageID.312. But nowhere in his complaint did Beri mention declaratory relief or the Declaratory Judgment Act. *See* ECF No. 1; *see also Southland Corp. v. Keating*, 465 U.S. 1, 15 n.9 (1984) ("While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal question jurisdiction under 28 U.S.C. § 1331 [] or otherwise.").

Second, in response to a separate argument, Beri argued that he did "not seek damages . . . only prospective equitable relief." ECF No. 13, PageID.314. Beri's statement is false. In the "relief requested" portion of his complaint, Beri requested compensatory damages, punitive damages, and statutory damages. ECF No. 1, PageID.5.

To be sure, the Court recognizes that Beri is proceeding pro se and understandably may not be well versed in making legal arguments. Indeed, a pro se litigant's pleadings are subject to less stringent standards than pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Proceeding pro se, however, does not give a litigant free rein to make blatant falsehoods to the Court. *See, e.g.*, *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("[Pro se litigants] owe the same duty of candor to the court as imposed on any other litigant."). After all, pro se litigants are still bound by the Federal Rules of Civil Procedure and the Court's Local Rules. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se [] litigant is in court, he is subject to the relevant law and rules of court . . . [including] rules [that] provide for sanctions for misconduct and for failure to comply with court orders."). Indeed, when Beri signed his response brief as an unrepresented party, he "certifie[d] that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the factual contentions [have] evidentiary support." Fed. R. Civ. P. 11(b)(3).

The Court cannot state with certainty that Plaintiff employed artificial intelligence software here. But based on the blatant falsehoods and contradictory arguments, the Court believes it is likely. The Court will not sanction Beri at this time but will warn him and other litigants before the Court that they are responsible for every representation they make to the Court. Lack of legal knowledge and the use of generative artificial intelligence does not permit parties to abdicate their duty of

candor to the Court. In the future, the Court will not hesitate to sanction unrepresented parties or attorneys who file briefs that contain false representations or citations.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion to dismiss [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 10, 2026